[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The third-party defendant, USAA Casualty Insurance Co. (USAA), moves for summary judgment on the third-party complaint claiming there is no genuine issue of material fact, and as a third-party defendant, it is entitled to judgment as a matter of law and requests the summary judgment be rendered.
There was a motor vehicle accident on or about March 3, 1998 in Waterford, Connecticut. On that date, the plaintiff was traveling west on Route 1 when she was allegedly rear-ended by Dana Bitgood, an allegedly uninsured operator and the daughter of Kathleen Bitgood, a USAA insured. The plaintiff brought suit against Progressive Northwestern Insurance Co., the plaintiff's uninsured motorist carrier on or about April 9, 1999, to recover for the injuries she sustained in the subject accident. On or about December 2, 1999, the third-party complaint was instituted by Progressive against USAA. In the complaint, Progressive alleged that Dana Bitgood was a resident relative of Kathleen Bitgood and, therefore, the injuries and losses claimed by the plaintiff were the legal responsibilities of USAA pursuant to the terms of its contract with Kathleen Bitgood. In other words, she is alleging that she was a resident relative in Kathleen Bitgood's house.
The defendant claims that Dana Bitgood was not a resident with Kathleen Bitgood at the time of the accident in question and, therefore, USAA has no legal responsibilities for the injuries and losses suffered by the plaintiff.
Attached to its memorandum of law, USAA attached an affidavit to Kathleen Bitgood in which she said that Dana Bitgood was not a resident at the time of the accident on March 3, 1998 at her house on 16 Brook Road in Niantic. She had not lived there for at least one year prior to CT Page 9011 March 3, 1998 and also, she did not receive mail at that location nor phone calls nor any messages nor did she maintain any wardrobe at that address nor did she generally hold 16 Brook Road out to the public as her usual place of residence.
Progressive did not file an opposing affidavit, but did submit a police report which showed 16 Brook Road, Niantic as her address. A death certificate in October, 1998 showing her address as 16 Brook Road and also her motor vehicle license which showed the same address.
However, the motor vehicle license was issued three years prior to the date of the accident. There was no indication of any change and the police report also listed 16 Brook Road, Niantic as her address. However, the defendant argues and the court agrees that the court should not take cognizance of these two documents as they were not properly authenticated. Finally, the third-party plaintiff submits a death certificate which also lists 16 Brook Road as Dana Bitgood's address as of October 5, 1998. The court accepts this document, however, it was seven months subsequent to the date of the accident and the court does not find it persuasive as to the address of Dana Bitgood at the time of the accident.
Even if the court accepted the motor vehicle driver's license and the police report as authentic, the court finds that the motor vehicle license was issued three years prior to the date of the accident and is not persuasive as to proving the address of Dana Bitgood at the time of the accident. It is apparent to the court also that the police officer took the address from the motor vehicle license, and accordingly that has no more persuasive value than does the driver's license itself. Accordingly, the court finds that Dana Bitgood did not live at 16 Brook Road at the time of the accident. She was not there as a resident relative at the time of the accident and, therefore, USAA does not become liable to cover claims in this case.
Accordingly, the court grants the defendant's motion for summary judgment.
 _______________________________________ D. Michael Hurley, Judge Trial Referee